OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought by petitioner pursuant to CPLR article 78 and section 89 of the Public Officers Law to review respondent’s denial of access to statements of 36 *627 witnesses interviewed by respondent as a part of an investigation.
In July, 1977, petitioner’s husband died following the administration of anesthesia in the Genesee Hospital, Rochester, New York. In August; 1977 the hospital requested respondent, then District Attorney of Monroe County, to investigate an alleged misconnection of the oxygen and nitrous oxide lines on an anesthesia machine in a case involving another patient. In the course of the investigation, other cases were reviewed, including the death of petitioner’s husband, and respondent interviewed various witnesses and permitted a vice-president of the hospital to review the transcripts of 13 hospital employees. A list of names and addresses of the witnesses interviewed was furnished to petitioner. Petitioner’s attempts to secure the transcripts in connection with her civil action against the hospital and others have been unsuccessful.
The Freedom of Information Law (Public Officers Law, art 6) was enacted to enable members of the public to have access to the records of government without being hindered by official secrecy. All government records are presumptively subject to disclosure unless they fall within a statutory exemption. (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176.) The burden of establishing that requested material is exempt falls on the party opposing the request. (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575.)
Respondent bases his denial of access to the interview transcripts on section 87 (subd 2, par [e |) of the Public Officers Law which provides, in pertinent part, as follows:
“[e]ach agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * *
“(e) are compiled for law enforcement purposes and which, if disclosed, would:
“i. interfere with law enforcement investigations or judicial proceedings * * *
“iii. identify a confidential source or disclose confidential information relating to a criminal investigation”.
*628 In considering the “law enforcement investigation” exemption, the court notes respondent’s affirmation that “The file remains open but, at least in the last few months, there has been no activity in connection with that investigation.” In addition, respondent stated that they “were never able to develop enough information to support presentment to a grand jury.” Although respondent certainly conducted an investigation in the past, at the time of the request there was no ongoing activity or imminent judicial proceeding. No representations were made that disclosure would “interfere” with a law enforcement investigation. By using the word “interfere” the Legislature apparently sought to protect pending investigations rather than to insulate forever materials that may have once been a part of an investigation. The investigation in question, at best, is dormant and no judicial proceedings ever resulted.
The second objection advanced by respondent is that the transcripts would identify confidential sources or disclose confidential information and that the witnesses interviewed were promised confidentiality. The source of the interviews is no longer confidential since the names and addresses of those interviewed have already been furnished to petitioner. In a similar case wherein the investigative file remained open but there was no present intention to commence any action, the records were required to be disclosed after the names of sources were deleted. (Church of Scientology of N. Y. v State of New York, 61 AD2d 942, affd 46 NY2d 906.) Confidentiality has been removed as an issue in the instant case and does not provide a basis for exemption.
Respondent’s additional objection that petitioner failed to appeal to the head of the entity as required by section 89 (subd 4, par [a]) of the Public Officers Law is also rejected. The denial of access to the records came in the first instance from respondent District Attorney, the “head of the entity” and no further administrative appeal was required.
Respondent has failed to establish that the records requested come within any applicable statutory exemption. In keeping with the broad legislative mandate for open access to government records, the petition is granted and *629 respondent is directed to furnish copies of the transcripts of interviews to petitioner’s attorneys.