Edward S. Conway, J.
These are two motions pursuant to section 330 of the Election Law for an order declaring defective, invalid, null and void the primary election of the Conservative Party for the office of Surrogate Judge of Rensselaer County held on the 10th day of September, 1974; declaring invalid, null and void any proclamation or certification by the respondent Commissioners of Election of the canvass of votes cast on the Conservative Party line for the office of Surrogate Judge of Rensselaer County; enjoining, restraining and prohibiting the Board of Elections of the County of Rensselaer from printing and placing the name of any candidate on the Conservative line for the office of Surrogate Judge of Rensselaer County on the ballot to be used at the general election to be held on November 5, 1974 until such time as a new primary election has been held; and directing and mandating that a new primary election be held pursuant to subdivision 2 of section 330 of the Election Law at the earliest possible convenience to nominate a Conservative Party candidate for the office of Surrogate Judge of the County of Rensselaer.
In the first motion, it is the contention of the petitioner Michael F. Shaughnessy that he as a duly enrolled voter of the Conservative Party timely filed objections and specifications of objections in the office of the board of elections to the certification of the canvass and certification of the results of the Conservative Party primary election for the office of Surrogate Judge of Rensselaer County, which objections raise substantial and grave irregularities which make it impossible to determine who rightfully was nominated or elected as the Conservative Party candidate for the office of Surrogate Judge of Rensselaer County. Petitioner Shaughnessy further contends that unless a new primary election is ordered a isubstantial right of the petitioner will be foreclosed and the franchise of the enrolled Conservative voters may have been completely frustrated and nullified by persons not eligible to participate in the Conservative Party.
Respondent F. Warren Travers contends, among other things, that petitioner Michael F. Shaughnessy is not a person authorized to bring a proceeding pursuant to subdivision 2 of section 330 of the Election Law in that he is not so designated by the section.
*650 With this contention this court must agree for subdivision 2 of section 330 of the Election Law provides in part as follows:
‘ ‘ § 330. Summary jurisdiction.
‘ ‘ The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require. * * *
“ 2. The nomination of any candidate, or his election to any party position, in a proceeding instituted by any candidate aggrieved or by the chairman of any committee as defined in section two, or, in the case of a nomination made otherwise than ¡at a primary election, by a person who shall have filed objections pursuant to section one hundred forty-five (Emphasis added.)
It is the opinion of this court that a person who filed objections to a nomination made at a primary election is an improper party to institute a proceeding challenging the nomination of such candidate pursuant to section 330 of the Election Law.
The motion of respondent F. Warren Travers to dismiss the petition of petitioner Michael F. Shaughnessy is therefore granted.
In the second motion it is the contention of the petitioner Dan G. Farano that a contested primary was held by the enrolled voters of the Conservative Party of Rensselaer County for the office of Surrogate Judge of Rensselaer County on September 10, 1974 and that the canvass of the votes indicates that there were 169 votes cast out of an enrollment of approximately 481 enrolled Conservatives and that out of 169 votes cast, 90 votes were cast for respondent F. Warren Travers and 79 votes were cast for petitioner Dan G. Farano; that in three districts (Fifth Ward, Third Election District; Sixth Ward, Second Election District; and Seventeenth Ward, Third Election District) only 8 enrolled Conservatives attempted to cast their ballots, but 31 votes are recorded on the Conservative line in those three districts and that out of the 31 votes recorded, 20 were recorded as cast for respondent Travers and 11 were cast for petitioner Farano; that 23 ineligible votes were cast in the three districts, a sufficient number to render it impossible to determine who rightfully was elected when the margin of victory is only 2 votes, excluding the three districts.
Petitioner Farano further contends that in the three districts, 23 votes were cast (31 cast — 8 enrolled voters = 23) by persons *651 not enrolled in the Conservative Party and therefore not legally entitled, authorized or permitted to vote in the Conservative primary election and that such is a substantial and grave irregularity caused by intentional fraud, carelessness or machine malfunctions.
It is the contention of the respondent F. Warren Travers that the petitioner Dan G-. Farano admits, as he does, that the respondent F. Warren Travers has a 2-vote margin in his favor going into the three disputed election districts, that only 8 eligible voters voted in those districts and that by affidavits of 4 of the 8 eligible voters, they voted for F. Warren Travers in the Seventeenth Ward, Third Election District, thereby making it apparent that there is no computation which would deny to F. Warren Travers the nomination of the Conservative Party for Rensselaer County Surrogate Judge.
The only serious question before this court is: “ can this primary election be decided in this section 330 proceeding by affidavits of eligible voters as to how they voted? ”
Respondent Travers relies on People v. Pease (27 N. Y. 45) and People ex rel. Deister v. Wintermute (122 App. Div. 349, affd. 194 N. Y. 99), and Matter of Creedon (264 N. Y. 40).
It is the opinion of this court that the question has been answered by the Court of Appeals in the affirmative.
The Court of Appeals in Matter of Creedon (264 N. Y. 40, 43, supra) stated: “Where proof is presented that a vote has been cast for a particular candidate, that vote must be counted in favor of the candidate, even though it has not been properly registered on the voting machine. (People ex rel. Deister v. Wintermute, 194 N. Y. 99).”
• The motion of respondent F. Warren Travers to dismiss the petition of petitioner Dan G. Farano is therefore granted.