## THIRD DEPARTMENT, OCTOBER, 1974

### (October 2, 1974)

■ In the Matter of DAN G. FARANO, Appellant, v. THOMAS M. MONAHAN et al., Constituting the Board of Elections of the County of Rensselaer, et al., Respondents.— Appeal from a judgment of the Supreme Court

at Special Term, entered September 27, 1974 in Rensselaer County, in a proceeding pursuant to section 330 of the Election Law, which denied petitioner's application for a judgment declaring defective and invalid the primary election of the Conservative Party for the office of Rensselaer County Surrogate and directed the respondent Board of Elections to certify that F. Warren Travers is the nominee of the Conservative Party for such office. We conclude that the petitioner on the present record has not met the burden of showing the probability that a new election would produce a different result (*Matter of Ippolito* v. *Power*, 22 N Y 2d 594, 597–598). Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Main and Reynolds, JJ., concur; Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). I would reverse and direct a new election. Evidence as to how an eligible voter casts his ballot in a primary election in inadmissible in a proceeding under subdivision 2 of section 330 of the Election Law. Therefore, since the irregular votes cannot be counted, it is impossible to determine the result of this election. Furthermore, since the probability has been established that a new election could produce a different result, a new election is required. (*Matter of De Martini* v. *Power*, 27 N Y 2d 149; *Matter of Creedon*, 264 N. Y. 40; *Matter of Dayton* v. *Board of Elections of Albany County*, 40 A D 2d 616.)