(October 31, 1989)

■ In the Matter of NICHOLAS V. LONGO, Appellant, v ANTONIA D'APICE et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.—In a proceeding pursuant to Election Law § 16-102 to set aside the result of the Republican Party primary election held on September 12, 1989, designating the respondent Thomas Dickerson as the candidate of the Republican Party for the public office of Councilperson, Fifth Councilmatic District of the City of Yonkers, New York, and for a judgment declaring the petitioner Nicholas V. Longo the legal winner of the primary, or, in the alternative, a judgment directing that a new Republican Party primary election be held for that office, the appeal is from a judgment of the Supreme Court, Westchester County (Wood, J.), entered October 10, 1989, which, after a hearing, declared the respondent Thomas Dickerson the Republican candidate.

Ordered that the judgment is affirmed, without costs or disbursements, for reasons stated by Justice Wood at the Supreme Court.

Additionally, we note that we are in agreement with the Supreme Court's determination that the testimony of voters regarding how they cast their ballots is admissible, and that, while eligible voters were entitled to decline to reveal such information, those voters who the court had determined were ineligible, and, accordingly, not entitled to vote, could be required to testify as to how they voted. While it is the policy of this State to preserve the secrecy of the ballot *(see,* NY Const, art II, § 7), it has long been established that the right of nondisclosure is a privilege of the voter, which may be waived in a judicial proceeding *(see, Matter of Farano v Monahan,* 79 Misc 2d 648, *affd* 46 AD2d 695, *affd* 35 NY2d 729; *People ex rel. Deister v Wintermute,* 194 NY 99; *People ex rel. Smith v Pease,* 27 NY 45). That privilege, however, covers qualified voters only, and does not extend to those persons who the court determines were unqualified to vote. Such persons may be compelled to reveal for whom they voted so that their votes may be discounted *(see, People ex rel. Smith v Pease, supra; Matter of McGuinness v DeSapio,* 9 AD2d 65; *see also, Mettler v Murphy,* 101 NJ Super 163, 243 A2d 832; *Glenn v Gnau,* 251 Ky 3, 64 SW2d 168; *Robinson v McAbee,* 64 Cal App 709, 222 P 871; *People v Turpin,* 49 Colo 234, 112 P 539). Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.