Matter of Gruber v Suffolk County Bd. of Elections (2023 NY Slip Op 03864)

Matter of Gruber v Suffolk County Bd. of Elections

2023 NY Slip Op 03864

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-06106
 (Index No. 1264/19)

[*1]In the Matter of David Gruber, appellant,
v
Suffolk County Board of Elections, et al., respondents.

Jonathan Wallace, Amagansett, NY, for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Alyssa L. Garone of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated May 15, 2020. The judgment, insofar as appealed from, denied that branch of the petition which sought disclosure of a complete and unredacted copy of a certain ballot cast in the general election held in November 2016, and dismissed that portion of the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2018, the petitioner, David Gruber, and nonparty David B. Lys were both candidates in the primary election for the nomination of the Democratic Party as its candidate for the public office of Councilman for the Town of East Hampton. During the campaign, a press outlet reported that Lys, formerly a registered Republican, had not voted for Donald Trump for president in the November 2016 general election, but instead wrote-in his father's name on his ballot. On September 13, 2018, Lys defeated the petitioner in the primary election.
Thereafter, from October 2, 2018, through November 21, 2018, the petitioner submitted three requests pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the respondent Suffolk County Board of Elections (hereinafter the BOE). In his first request, he sought, inter alia, materials relating specifically to Lys. In each of the three requests, he sought to examine or obtain copies of all ballots cast by voters in East Hampton in the November 2016 general election. The BOE provided certain documents in response to his first request, including, among other things, a copy of a portion of Lys's ballot from the November 2016 general election showing only his vote for president, revealing that he wrote-in his father's name. Even though the voted ballots were facially anonymous, a BOE representative, under the impression that the petitioner's goal was to confirm Lys's statement about his 2016 vote, was able to locate the ballot in question by finding the only one that included a write-in vote for someone with the same last name. The BOE then secured Lys's consent before releasing a portion of his ballot in response to the petitioner's first FOIL request. The BOE otherwise denied that branch of the petitioner's first FOIL request seeking disclosure of all ballots cast in the November 2016 general election, and [*2]denied his two subsequent FOIL requests. The BOE's denials were subsequently affirmed on administrative appeal.
On March 7, 2019, the petitioner commenced this article 78 proceeding against the BOE and its then commissioners. The petitioner argued, inter alia, that the BOE had improperly refused to disclose Lys's complete and unredacted ballot from the November 2016 general election. By judgment dated May 15, 2020, the Supreme Court, inter alia, denied that branch of the petition which sought disclosure of an unredacted copy of Lys's ballot from the November 2016 general election, and dismissed that portion of the proceeding. The petitioner appeals.
"In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "'By permitting access to official information long shielded from public view, the act permits the electorate to have sufficient information in order to make intelligent, informed choices with respect to both the direction and scope of governmental activities'" (Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 121, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571). "The standard of review in a CPLR article 78 proceeding challenging an agency's denial of a FOIL request is [therefore] much more stringent than the lenient standard generally applicable to CPLR article 78 review of agency actions" (Matter of Luongo v Records Access Officer, 161 AD3d 1079, 1080). "'All government records are . . . presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)'" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d at 930, quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275). "[A] court . . . must construe the statutory exemptions narrowly" (Matter of Luongo v Records Access Officer, 161 AD3d at 1080). Therefore, "an agency claiming an exemption from disclosure has the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (id. [internal quotation marks omitted]).
Pursuant to Public Officers Law § 89(2), "an agency may deny access to records or portions thereof 'to prevent unwarranted invasions of personal privacy'" (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666, quoting Public Officers Law § 89[2][a]). "'What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable person of ordinary sensibilities'" (Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 497 [alterations omitted], quoting Matter of Beyah v Goord, 309 AD2d 1049, 1050). "The Public Officers Law provides a nonexhaustive list of categories of information that would constitute an unwarranted invasion of personal privacy if disclosed" (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d at 666, citing Public Officers Law § 89[2][b]). "Where none of the seven specifications is applicable, a court must decide whether any invasion of privacy . . . is unwarranted by balancing the privacy interests at stake against the public interest in disclosure of the information" (Matter of Liang v Nassau County Off. of Consumer Affairs, 176 AD3d 808, 809 [internal quotation marks omitted]; see Matter of The New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485).
Contrary to the petitioner's contention, the respondents correctly refused to disclose Lys's complete and unredacted ballot without his consent as an unwarranted invasion of personal privacy pursuant to Public Officers Law § 89(2). There is no doubt that voters, including Lys, possess a right to privacy as it relates to their votes. "Since 1894, [New York's] Constitution has specifically provided that, whether voting is by ballot or another method prescribed by law, 'secrecy in voting be preserved'" (Matter of Kosmider v Whitney, 34 NY3d 48, 60, quoting 1894 NY Const, art II, § 5; see NY Const, art II, § 7). "Such secrecy ensures that votes are cast in an environment free of coercion or undue influence" (Matter of City of Utica v Town of Frankfort, 10 NY3d 128, 134). "[I]t has long been established that the right of nondisclosure is a privilege of the voter" (Matter of Longo v D'Apice, 154 AD2d 726, 727). It is therefore the case that a reasonable person of ordinary sensibilities would find disclosure of his or her voted ballot to be "offensive and objectionable," in circumstances where, as here, the ballot can be identified despite facial anonymity (Matter of Thomas v New York City Dept. of Educ., 103 AD3d at 497 [internal quotation marks [*3]omitted]). Moreover, the petitioner's assertions that Lys waived his privacy right in his entire ballot and that, in any event, Lys's privacy right was outweighed by the public interest in disclosure are both without merit.
In light of our determination, we need not reach the parties' remaining contentions.
MILLER, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court