Matter of Gannett Co., Inc. v Town of Eastchester Police Dept. (2024 NY Slip Op 05207)

Matter of Gannett Co., Inc. v Town of Eastchester Police Dept.

2024 NY Slip Op 05207

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-08698
 (Index No. 1394/22)

[*1]In the Matter of Gannett Co., Inc., etc., appellant, 
v
Town of Eastchester Police Department, et al., respondents.

Greenberg Traurig, LLP, Albany, NY (Michael J. Grygiel, Kelly L. McNamee, and Candra M. Connelly of counsel), for appellant.
Vincent Toomey, Lake Success, NY (Jasmine L. Brown of counsel), for respondents.
Cornell Law School First Amendment Clinic, Ithaca, NY (Heather E. Murray of counsel), for amici curiae Advance Publications, Inc., The Batavian, LLC, The Buffalo News, Daily News, LP, and New York News Publishers Association.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated October 6, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the respondents are directed to produce the requested material for an in camera inspection by the Supreme Court, Westchester County, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the petition based upon the in camera inspection.
Pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner, through its employee, requested of the Town of Eastchester and the Eastchester Police Department the production of all records, documents, and files pertaining to a call made to the police by a known individual seeking help with a domestic dispute and a subsequent investigation of a reported domestic disturbance. The Town Clerk and Records Access Officer denied the FOIL request on the ground that it constituted an unwarranted invasion of personal privacy. The denial of the FOIL request was upheld on administrative appeal.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to compel disclosure of the requested material. In a judgment dated October 6, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"All government records are . . . presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)" (Matter of Gruber v Suffolk County Bd. of Elections, 218 AD3d 682, 684 [internal quotation marks [*2]omitted]). "[A]n agency claiming an exemption from disclosure has the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (id. [internal quotation marks omitted]).
Pursuant to Public Officers Law § 89(2), "an agency may deny access to records or portions thereof 'to prevent unwarranted invasions of personal privacy'" (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666, quoting Public Officers Law § 89[2][a]). The Public Officers Law provides a nonexhaustive list of categories of information that would constitute an unwarranted invasion of personal privacy if disclosed (see Public Officers Law § 89[2][a]). However, where, as here, none of the enumerated categories is applicable, the court must "decide whether any invasion of privacy . . . is unwarranted by balancing the privacy interests at stake against the public interest in disclosure of the information" (Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485 [internal quotation marks omitted]). Personal privacy interests are generally "measured by what would be offensive and objectionable to a reasonable person of ordinary sensibilities" (Matter of Gruber v Suffolk County Bd. of Elections, 218 AD3d at 684 [internal quotation marks omitted]). "If the court is unable to determine whether withheld documents fall entirely within the scope of the asserted exemption, it should conduct an in camera inspection . . . and order disclosure of all nonexempt, appropriately redacted material" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275; see Matter of Lepper v Village of Babylon, 190 AD3d 738, 743).
Here, we cannot determine whether the respondents have met their burden of demonstrating the applicability of the asserted FOIL exemption to the requested material. Disclosure of the requested material could be "offensive and objectionable to a reasonable person of ordinary sensibilities" depending upon the content, especially since the identities of the parties involved cannot be effectively redacted (Matter of Gruber v Suffolk County Bd. of Elections, 218 AD3d at 684 [internal quotation marks omitted]; cf. Public Officers Law § 87[2][c][i]). Accordingly, we grant the petition to the extent of directing the respondents to produce the requested material for an in camera inspection by the Supreme Court, Westchester County, to determine whether the requested material falls wholly or partially within the asserted FOIL exemption (see Matter of Lepper v Vil. of Babylon, 190 AD3d at 743; Matter of New York Times Co. v Dist. Attorney of Kings County, 179 AD3d 115, 125), and remit the matter to the Supreme Court, Westchester County, for a new determination thereafter of the petition.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court