OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The record on appeal is wholly insufficient to sustain the refusal to disclose the materials sought by petitioner under the provisions of the Freedom of Information Act (Public Officers Law, art 6). In support of the denial of access the
 
 *908
 
 State officials have tendered only references to sections, subdivisions and subparagraphs of the applicable statute and conclusory characterizations of the records sought to be withheld. There is no tender of any factual basis on which to determine whether the materials sought either fell outside the scope of mandated disclosure under former section 88 (L 1974, ch 578, §
 
 2;
 
 ch 579, § 2; ch 580, § 1, eff Sept. 1, 1974) or come within the exceptions specified in subdivision 2 of present section 87 of the Public Officers Law (L 1977, ch 933, § 1, eff Jan. 1, 1978). Nor is there any justification for remittal for
 
 in camera
 
 inspection. The parties resisting disclosure made no request for such inspection. Indeed, the record contains no predicate on which an application therefor might have been based.
 

 As to the Attorney-General’s contention that the article 78 proceeding against him was barred by the Statute of Limitations, it suffices to note that the period of limitations ran from the date on which petitioner received notice of the denial of its appeal under subdivision 4 of section 89 of the Public Officers Law (8 Weinstein-Korn-Miller, NY Civ Prac, par 7804.02, pp 78-106).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
 

 Order affirmed.