Matter of Aron Law, PLLC v New York City Fire Dept. (2021 NY Slip Op 00556)





Matter of Aron Law, PLLC v New York City Fire Dept.


2021 NY Slip Op 00556


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-14028
 (Index No. 520882/18)

[*1]In the Matter of Aron Law, PLLC, appellant,
v
New York City Fire Department, respondent.


Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Jeremy W. Shweder and Jonathan A. Popolow of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 28, 2019. The judgment, insofar as appealed from, denied those branches of the petition which were to compel the production of the records sought in the petitioner's Freedom of Information Law request numbers 4, 9, and 16.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and those branches of the petition which were to compel the production of the records sought in the petitioner's Freedom of Information Law request numbers 4, 9, and 16 are granted.
On March 18, 2018, the petitioner made a request for certain records to the New York City Fire Department (hereinafter the FDNY) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). The FDNY responded to the FOIL request, providing certain records and withholding others. As relevant to this appeal, the FDNY withheld the records identified in the petitioner's FOIL request numbers 4, 9, and 16, which sought records concerning requests for religious accommodations and the determinations made thereon, and accommodations from the FDNY dress requirements. The FDNY withheld those records on the grounds that releasing them would be an unwarranted invasion of personal privacy under Public Officers Law § 87(2)(b) and the records were inter-agency materials exempt by Public Officers Law § 87(2)(g). The petitioner administratively appealed. As to the subject requests, the FDNY provided a summary report of the factual data, but withheld the specific records requested, inter alia, on the ground that disclosing them would be an unwarranted invasion of personal privacy and they constituted inter-agency materials.
The petitioner commenced this CPLR article 78 proceeding, inter alia, to compel production of the subject records. The Supreme Court granted the petition in part, but, as relevant here, denied those branches of the petition which sought to compel production of the records requested in the petitioner's FOIL request numbers 4, 9, and 16. The petitioner appeals.
"FOIL provides the public with broad 'access to the records of government'" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462, quoting Public Officers Law § 84). "An agency must 'make available for public inspection and copying all records' unless it can claim a specific exemption to disclosure" (Matter of Data Tree, LLC v Romaine, 9 NY3d at 462, quoting Public Officers Law § 87[2]; see Public Officers Law § 89[3]). "[T]he exemptions are to be narrowly interpreted so that the public is granted maximum access to the records of government" (Matter of Data Tree, LLC v Romaine, 9 NY3d at 462). "FOIL is based on a presumption of access to the records" (id.). "[T]he agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566; see Public Officers Law § 89[4][b]). If the agency fails to prove that a statutory exemption applies, FOIL "compels disclosure, not concealment" (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580; see Matter of Data Tree, LLC v Romaine, 9 NY3d at 463).
As relevant here, an agency may deny access to records or portions thereof "to prevent unwarranted invasions of personal privacy" (Public Officers Law § 89[2][a]; see Public Officers Law § 89[2][b]). The Public Officers Law provides a nonexhaustive list of categories of information that would constitute an unwarranted invasion of personal privacy if disclosed, including, "disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency" (Public Officers Law § 89[2][b][v]). It also provides, however, that disclosure shall not be construed to constitute an unwarranted invasion of personal privacy "when identifying details are deleted" (Public Officers Law § 89[2][c][i]).
Here, the FDNY failed to sustain its burden of proving that the personal privacy exemption applied to the records sought, since it failed to establish that the identifying details could not be redacted so as to not constitute an unwarranted invasion of personal privacy (see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 165 AD3d 1434, 1435-1436; see generally Matter of Gould v New York City Police Dept., 89 NY2d 267, 275). Its conclusory assertions that the records fall within the exemption were insufficient to meet its burden of proving that the statutory exemption applies (see Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 567; Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 908; Matter of Dilworth v Westchester County Dept. of Correction, 93 AD3d 722, 724). The FDNY should have produced the requested records, redacting whatever portions are necessary to safeguard the identities of the individuals who sought the accommodation, and leaving nonidentifying information intact (see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 165 AD3d at 1437).
The FDNY also failed to establish that the exemption for inter-agency materials applied, since the agency determinations sought were final on the accommodation requests and therefore not subject to the exemption (see Public Officers Law § 87[2][g][iii]).
Accordingly, the Supreme Court should have granted those branches of the petition which sought to compel disclosure of the documents sought in petitioner's FOIL requests 4, 9, and 16.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court