Matter of Newsday, LLC v Nassau County Police Dept. (2023 NY Slip Op 06050)

Matter of Newsday, LLC v Nassau County Police Dept.

2023 NY Slip Op 06050

Decided on November 22, 2023

Appellate Division, Second Department

Brathwaite Nelson, J.p.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-08455
 (Index No. 601813/21)

[*1]In the Matter of Newsday, LLC, appellant, 
v
Nassau County Police Department, respondent.

APPEAL by the petitioner, in a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), from a judgment of the Supreme Court (Thomas Rademaker, J.) entered November 8, 2021, in Nassau County. The judgment, insofar as appealed from, denied those branches of the petition which were to compel the production of the records sought in three Freedom of Information Law requests and, in effect, dismissed that portion of the proceeding.

Ballard Spahr LLP, New York, NY (David A. Schulz and Alia L. Smith of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Samantha A. Goetz of counsel), for respondent.

BRATHWAITE NELSON, J.P.

OPINION & ORDER
The petitioner publishes a daily newspaper in Long Island. Following the Legislature's repeal of Civil Rights Law § 50-a, the petitioner made requests to the Nassau County Police Department (hereinafter the NCPD) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to obtain certain law enforcement disciplinary records. In response to the three requests at issue on this appeal, the NCPD, inter alia, withheld all documents relating to complaints that were not determined to be substantiated on the ground that such documents were categorically exempt from disclosure as an "unwarranted invasion of personal privacy" pursuant to Public Officers Law § 87(2)(b). We hold that records concerning unsubstantiated complaints or allegations of misconduct are not categorically exempt from disclosure as an unwarranted invasion of personal privacy, and the NCPD is required to disclose the requested records, subject to redactions with particularized and specific justification under Public Officers Law § 87(2), as mandated by section 87(4-a), or as permitted by section 87(4-b).
I.
Former Civil Rights Law § 50-a provided a blanket shield from public disclosure for police officer personnel records, including records relating to disciplinary proceedings arising out of allegations of misconduct (see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563-566). Effective June 12, 2020, the Legislature repealed Civil Rights Law § 50-a and amended the Public Officers Law to make specific provisions relating to the disclosure of law enforcement disciplinary records and the types of redactions to be made thereto prior to disclosure (see L 2020, ch 96).
Shortly after the legislative amendments went into effect, the petitioner made four FOIL requests to the NCPD. In the first three requests, the petitioner sought law enforcement disciplinary records relating to (1) six named current or former members of the NCPD, (2) the murder of Jo'Anna Bird in March 2009, and (3) Sergeant William S. Russell. With respect to each [*2]request, the NCPD withheld any documents relating to allegations or complaints that had not been substantiated. The NCPD produced certain documents relating to complaints that were substantiated, but those documents were heavily redacted, with the majority of the pages produced consisting of little more than large black boxes covering whatever information lay underneath. The petitioner administratively appealed both the withholding of documents and the redactions of the documents produced. In each case, the appeal was denied, inter alia, on the ground that records relating to unfounded and undetermined complaints were categorically exempt from disclosure as an unwarranted invasion of personal privacy pursuant to Public Officers Law § 87(2)(b), and the redactions on the substantiated complaints were proper pursuant to the same exemption.
In a fourth FOIL request, the petitioner sought digital or electronic records relating to disciplinary proceedings involving members of the NCPD from the oldest data available. The NCPD denied the request on the grounds that the requested records were not reasonably described and that compliance would be unduly burdensome (see id. § 89[3][a]). The petitioner's administrative appeal was denied on those same grounds.
The petitioner commenced this CPLR article 78 proceeding to compel the production of the records sought in its four requests. In its answer to the petition, the NCPD, among other things, asserted that the petition had been rendered moot as to the petitioner's fourth request because the NCPD had reevaluated that request and located records responsive to the request, which it would provide to the petitioner in the near future. In the judgment appealed from, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The court determined that the personal privacy exemption of Public Officers Law § 87(2)(b) allowed the NCPD to withhold any documents related to unsubstantiated complaints and to make the subject redactions to the records concerning the substantiated complaints. The petitioner appeals. II.
"To promote open government and public accountability, . . . FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). FOIL provides that, unless otherwise specifically exempted, all records of a public agency are presumptively open to public inspection and copying (see Public Officers Law § 87[2]; Matter of Gould v New York City Police Dept., 89 NY2d at 274-275; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). The limited categories of records which may be withheld are enumerated in FOIL (see Public Officers Law § 87[2]). Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption (see id. § 89[4][b]; Matter of Friedman v Rice, 30 NY3d 461, 475; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566).
"In keeping with these settled principles, blanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (Matter of Gould v New York City Police Dept., 89 NY2d at 275; see Matter of Friedman v Rice, 30 NY3d at 479). When an agency invokes an exemption, "denial of access shall not be based solely on the category or type of such record and shall be valid only when there is a particularized and specific justification for such denial" (Public Officers Law § 87[2]; see Matter of Friedman v Rice, 30 NY3d at 481; Matter of Gould v New York City Police Dept., 89 NY2d at 275). "Only where the material requested falls squarely within the ambit of one of these statutory exemptions may disclosure be withheld" (Matter of Fink v Lefkowitz, 47 NY2d 567, 571; see Matter of Friedman v Rice, 30 NY3d at 481). If the agency fails to prove that a statutory exemption applies, FOIL "compels disclosure, not concealment" (Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 463).
A.
In denying the petitioner's first three requests, the NCPD relied in large part on the privacy exemption, which authorizes an agency to deny access to records or portions of such records that "if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]). FOIL provides a nonexclusive list of categories of information that would constitute an unwarranted invasion of personal privacy if disclosed (see id. § 89[2][b]). Where an asserted privacy interest is not enumerated, applicability of the exemption is determined by balancing the privacy interests at stake against the public interest in the disclosure of the information (see Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380; Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485).
"To meet its burden, the party seeking exemption must present specific, persuasive evidence" that the material falls within the exemption (Matter of Markowitz v Serio, 11 NY3d 43, 51). Conclusory assertions that are not supported by any facts are insufficient (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 570; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 567; Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 908).
Here, the NCPD failed to meet its burden of demonstrating that the requested material fell squarely within the personal privacy exemption. With respect to unsubstantiated complaints, in each of the three requests, the NCPD merely asserted in a conclusory fashion that it could withhold the documents "based on considerations of privacy." In denying two of the requests, the NCPD opined that the recent legislative amendments were not intended to affect disclosure of such records. This opinion plainly is at odds with the legislative action. Upon repealing Civil Rights Law § 50-a, the Legislature amended the Public Officers Law to specifically contemplate the disclosure of "law enforcement disciplinary records," which it defines to include "complaints, allegations, and charges against an employee" (Public Officers Law § 86[6][a]). If the Legislature had intended to exclude from disclosure complaints and allegations that were not substantiated, "it would simply have stated as much" (Matter of Friedman v Rice, 30 NY3d at 478). It did not, and instead included "complaints, allegations, and charges" in its definition of disciplinary records, along with "the disposition of any disciplinary proceeding" (Public Officers Law § 86[6][d]), without qualification as to the outcome of the proceeding. Furthermore, the Legislature directed the types of information that shall and may be redacted from law enforcement disciplinary records prior to disclosure (see id. § 87[4-a], [4-b]). Notably, unsubstantiated allegations or complaints are not among either the mandated or the permissible redactions (see id. § 89[2-b], [2-c]).
Moreover, when records are exempt from FOIL disclosure because they are "specifically exempted from disclosure by state or federal statute" (id. § 87[2][a]), the full records fall within the exemption and redaction cannot be compelled (see Matter of Karlin v McMahon, 96 NY2d 842, 843; Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d 399, 405-406). Thus, when Civil Rights Law § 50-a was in effect, documents generated in connection with police disciplinary proceedings were wholly exempt, without the requirement to consider redaction (see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d at 570). By contrast, the privacy exemption supplies statutory authority for certain redactions (see Public Officers Law § 89[2][a]), and it directs that "disclosure shall not be construed to constitute an unwarranted invasion of personal privacy" when, among other possibilities, identifying details are deleted (id. § 89[2][c]; see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d at 568-569; Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666). As discussed above, when the Legislature repealed Civil Rights Law § 50-a, it also amended the Public Officers Law to provide mandatory and permissible redactions to be made in the disclosure of law enforcement disciplinary records, indicating that such records are subject to specific redactions and not blanket exemption. Thus, we agree with the Appellate Division, First and Fourth Departments, that there is no categorical exemption from disclosure for unsubstantiated allegations or complaints of police misconduct (see Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530; Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401).
The NCPD also failed to sustain its burden of proving that the personal privacy exemption applied to the material redacted from the substantiated complaints. Its conclusory assertions that the material fell within the exemption were not supported by any facts and were insufficient to meet its burden of proving that the statutory exemption applied (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 570; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d at 567; Church of Scientology of N.Y. v State of New York, 46 NY2d at 908).
B.
On appeal, the NCPD asserts that the repeal of Civil Rights Law § 50-a is not "retroactive," and files created prior to June 12, 2020, are not subject to FOIL disclosure. The NCPD, however, invoked this ground only in its denial of the petitioner's request for law enforcement disciplinary records relating to the murder of Jo'Anna Bird, but not in its denials of the other requests. Judicial review of an administrative determination denying a FOIL request is limited to the grounds invoked by the agency in denying the request (see Matter of Madeiros v New York [*3]State Educ. Dept., 30 NY3d 67, 74; Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368). Thus, we consider this argument only with respect to the denial of the request relating to the murder of Jo'Anna Bird (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 75).
The contention is, in any event, without merit. The petitioner made the subject FOIL requests in July 2020, after the legislative amendments were enacted, and, thus, the petitioner is not seeking retroactive application of the statutory amendments to a pending FOIL request (see generally Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [discussing retroactivity]). To the extent that the NCPD contends that the Legislature intended to exclude from disclosure any law enforcement disciplinary records that were created prior to June 12, 2020, it has offered no support for this proposition. By their nature, FOIL requests seek records that were generated prior to the request date. In amending the Public Officers Law to provide for the disclosure of records relating to law enforcement disciplinary proceedings, the Legislature did not limit disclosure under FOIL to records generated after June 12, 2020, and we will not impose such a limitation ourselves (see Matter of Friedman v Rice, 30 NY3d at 478).
C.
In denying the petitioner's first three FOIL requests, the NCPD also relied upon the intra-agency exemption, which provides, as relevant here, that an agency may deny access to records or portions thereof that "are inter-agency or intra-agency materials which are not . . . statistical or factual tabulations or data" (Public Officers Law § 87[2][g][i]). The purpose underlying the intra-agency exemption is "to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers" (Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 132 [internal quotation marks omitted]).
"[I]ntra-agency documents that contain 'statistical or factual tabulations or data' are subject to FOIL disclosure, whether or not embodied in a final agency policy or determination" (Matter of Gould v New York City Police Dept., 89 NY2d at 276, quoting Public Officers Law § 87[2][g][i]). "Factual data . . . simply means objective information, in contrast to opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (Matter of Gould v New York City Police Dept., 89 NY2d at 277). With respect to witness statements, there is no requirement that the statements are accurate and reliable, and "a witness statement constitutes factual data insofar as it embodies a factual account of the witness's observations" (id.).
Here, the NCPD's conclusory assertions that the intra-agency exemption applies, with no factual support, were insufficient to meet their burden of demonstrating that the exemption applied to any of the requested material (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 570; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d at 567; Church of Scientology of N.Y. v State of New York, 46 NY2d at 908). Moreover, by the NCPD's own admissions, much of the material that was withheld or redacted from the produced documents contained witness statements and other factual data, which would not fall within the exemption (see Matter of Gould v New York City Police Dept., 89 NY2d at 277; Svaigsen v City of New York, 203 AD2d 32, 34). Thus, the subject records were not properly withheld or redacted pursuant to the intra-agency exemption (see Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d at 1406).
D.
To the extent that the NCPD relied upon other exemptions in denying the petitioner's first three FOIL requests, the NCPD was obligated to articulate "a particularized and specific justification for [any] such denial" (Public Officers Law § 87[2]). On appeal, the NCPD does not rely upon any of the other exemptions advanced in denying the petitioner's requests.
The petitioner's fourth request was denied on the grounds that the requested records were not reasonably described and that compliance would be unduly burdensome (see id. § 89[3][a]). On appeal, the petitioner does not challenge this denial. The parties' arguments concerning whether the denial was rendered academic by later disclosures by the NCPD or whether the NCPD improperly withheld or redacted materials from those later disclosures are not properly before this Court, as they are based upon evidence dehors the record (see Matter of Wyche v Haywood-Diaz, 206 AD3d 748, 749; Heller v Trustees of Town of E. Hampton, 166 AD2d 554, 555-556).
III.
Accordingly, the Supreme Court should have granted those branches of the petition [*4]which were to compel disclosure of the law enforcement disciplinary records sought in the petitioner's first three FOIL requests subject to redactions with particularized and specific justification under Public Officers Law § 87(2), as mandated by section 87(4-a), or as permitted by section 87(4-b).
The judgment is reversed insofar as appealed from, on the law, and those branches of the petition which were to compel the production of the records sought in three FOIL requests are granted.
MALTESE, WOOTEN and WAN, JJ., concur.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and those branches of the petition which were to compel the production of the records sought in three Freedom of Information Law requests are granted.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court