Matter of New York Civ. Liberties Union v Nassau County (2024 NY Slip Op 03427)

Matter of New York Civ. Liberties Union v Nassau County

2024 NY Slip Op 03427

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04443
 (Index No. 612605/21)

[*1]In the Matter of New York Civil Liberties Union, appellant, 
v
Nassau County, et al., respondents.

Milbank LLP (Errol Taylor, Atara Miller, Andrew Wellin, Samantha Lovin, Gio Crivello, Monica Grover, Lyndsey Pere, Rebecca Olson, Meredith Brumfield, and New York Civil Liberties Union Foundation, New York, NY [Robert Hodgson and Lisa Laplace], of counsel), for appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Ian Bergström of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 2, 2022. The order and judgment, insofar as appealed from, denied that branch of the petition which was to compel the production of certain disciplinary records created prior to June 12, 2020, and, in effect, denied that branch of the petition which was for an award of attorney's fees and litigation costs.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to compel the production of disciplinary records created prior to June 12, 2020, and for an award of attorney's fees and litigation costs are granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioner and the entry of an appropriate judgment thereafter.
On September 15, 2020, the petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for, inter alia, the production of certain disciplinary records of the Nassau County Police Department (hereinafter the NCPD) from January 1, 2000, to the present. When the NCPD did not timely respond to the petitioner's request, the petitioner filed an administrative appeal, alleging constructive denial of its request. In a letter dated June 3, 2021, the Commissioner of the NCPD denied so much of the request as sought disciplinary records created prior to the repeal of Civil Rights Law § 50-a, which was on June 12, 2020.
In October 2021, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the production of materials sought in its FOIL request, and for an award of attorney's fees and litigation costs incurred by the petitioner in connection with this proceeding. By order and judgment entered May 2, 2022, the Supreme Court, among other things, denied that branch of the petition which was to compel the production of certain disciplinary records created prior to June 12, 2020, and, in effect, denied that branch of the petition which was for an award of attorney's fees and [*2]litigation costs. The petitioner appeals.
Former Civil Rights Law § 50-a provided "a blanket shield from public disclosure for police officer personnel records, including records relating to disciplinary proceedings arising out of allegations of misconduct" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 88; see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563-566). Effective June 12, 2020, the Legislature repealed Civil Rights Law § 50-a and amended the Public Officers Law to make specific provisions relating to the disclosure of law enforcement disciplinary records and the types of redactions to be made thereto prior to disclosure (see L 2020, ch 96; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 88).
The Supreme Court should have granted that branch of the petition which sought disciplinary records created prior to the repeal of Civil Rights Law § 50-a on June 12, 2020. The petitioner made the subject FOIL request in September 2020, after the legislative amendments to the Public Officers Law were enacted, and, thus, the petitioner is not seeking retroactive application of the statutory amendments to a pending FOIL request (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92-93; Matter of NYP Holdings, Inc. v New York City Police Dept., 220 AD3d 487, 489).
Since the petitioner has substantially prevailed in this proceeding, and the NCPD had no reasonable basis for denying access to the responsive documents created prior to June 12, 2020, the petitioner is entitled to an award of reasonable attorney's fees and litigation costs incurred (see Public Officers Law § 89[4][c][ii]; Matter of NYP Holdings, Inc. v New York City Police Dept., 220 AD3d at 489; Matter of Ateres Bais Yaakov Academy of Rockland v Town of Clarkson, 218 AD3d 462, 466). Accordingly, we remit this matter to the Supreme Court, Nassau County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioner.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court