Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept. (2024 NY Slip Op 04071)

Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept.

2024 NY Slip Op 04071

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-09004
 (Index No. 56233/22)

[*1]In the Matter of Gannett Co., Inc., doing business as Democrat & Chronicle, appellant,
v
Town of Greenburgh Police Department, et al., respondents.

Greenberg Traurig, LLP, Albany, NY (Michael J. Grygiel, Kelly L. McNamee, and Candra M. Connelly of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Robert S. Whitbeck of counsel), for respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to compel the production of records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), entered October 19, 2022. The judgment, insofar as appealed from, denied that branch of the petition which was to compel the production of records and dismissed that portion of the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to compel the production of records is granted.
On May 13, 2021, the petitioner, Gannett Co., Inc., doing business as Democrat & Chronicle, a newspaper, requested the production of certain law enforcement disciplinary records and records relating to allegations of misconduct from the respondent Town of Greenburgh Police Department (hereinafter the GPD) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). In response to the request, the GPD withheld all disciplinary records created prior to June 12, 2020, the date of the repeal of Civil Rights Law § 50-a (see L 2020, ch 96, §§ 1-4 [eff June 12, 2020]), and all records related to unsubstantiated allegations of misconduct, and indicated that disciplinary records related to substantiated allegations of misconduct created on or after June 12, 2020, were not required to be released pursuant to Public Officers Law § 87(2)(b). The petitioner administratively appealed the denial of its FOIL request. The respondent Town of Greenburgh Town Board (hereinafter the Town Board) granted the appeal insofar as the petitioner's FOIL request sought disciplinary records created after the repeal of Civil Rights Law § 50-a and directed the GPD to disclose records of unsubstantiated allegations of misconduct to the extent that those allegations were not otherwise exempt from disclosure pursuant to the provisions of FOIL, but noted that the petitioner's FOIL request did not reasonably describe the records requested as required by Public Officers Law § 89(3)(a). The Town Board denied the appeal insofar as it related to the petitioner's request for disciplinary records and/or records of unsubstantiated allegations of misconduct created prior to the repeal of Civil Rights Law § 50-a.
The petitioner commenced this CPLR article 78 proceeding, inter alia, to compel the production of all records responsive to its FOIL request. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding, concluding that the repeal of Civil Rights Law § 50-a did not require the GPD to produce law enforcement disciplinary records created prior to June 12, 2020, and that the Town Board's determination to deny the disclosure of records of unsubstantiated allegations of misconduct was reasonable on the ground that they were exempt from disclosure pursuant to Public Officers Law § 87(2)(b), notwithstanding the repeal of Civil Rights Law § 50-a. The petitioner appeals.
"To promote open government and public accountability, . . . FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84; Matter of Sarkodie v Kings County Dist. Attorney, 226 AD3d 12, 15). FOIL provides that, unless otherwise specifically exempted, all records of a public agency are presumptively open to public inspection and copying (see Public Officers Law § 87[2]; Matter of Gould v New York City Police Dept., 89 NY2d at 274-275; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566). The limited categories of records which may be withheld are enumerated in FOIL (see Public Officers Law § 87[2]). Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption (see id. § 89[4][b]; Matter of Friedman v Rice, 30 NY3d 461, 475; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566). Therefore, "an agency claiming an exemption from disclosure has the burden of 'demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access'" (Matter of Luongo v Records Access Officer, 161 AD3d 1079, 1080, quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566). As such, "[t]he standard of review in a CPLR article 78 proceeding challenging an agency's denial of a FOIL request is much more stringent than the lenient standard generally applicable to CPLR article 78 review of agency actions" (Matter of Luongo v Records Access Officer, 161 AD3d at 1080).
Here, in denying the petitioner's request for records of unsubstantiated allegations of misconduct, the GPD relied in part on the privacy exemption, which authorizes an agency to deny access to records or portions of such records that "if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]). FOIL provides a nonexclusive list of categories of information that would constitute an unwarranted invasion of personal privacy if disclosed (see id. § 89[2][b]). Where an asserted privacy interest is not enumerated, applicability of the exemption is determined by balancing the privacy interests at stake against the public interest in the disclosure of the information (see Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380; Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485). The privacy exemption also supplies statutory authority for certain redactions (see Public Officers Law § 89[2][a]), and it directs that "disclosure shall not be construed to constitute an unwarranted invasion of personal privacy" when, among other possibilities, identifying details are deleted (id. § 89[2][c]; see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 91; Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666). "To meet its burden, the party seeking exemption must present specific, persuasive evidence" that the material falls within the exemption (Matter of Markowitz v Serio, 11 NY3d 43, 51). Conclusory assertions that are not supported by any facts are insufficient (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 570; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 567; Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 908).
For the reasons stated in Matter of Newsday, LLC v Nassau County Police Dept. (222 AD3d 85, 92), the Supreme Court erred in concluding that the privacy exemption under Public Officers Law § 87(2)(b) creates a blanket exemption allowing the respondents to categorically withhold the disciplinary records of unsubstantiated allegations of misconduct (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92; Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530; Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401, 1403-1404; Matter of New York Civ. Liberties Union v City of Rochester, 210 AD3d 1400, 1401, lv granted 39 NY3d 915). Inasmuch as the respondents withheld [*2]the requested records containing unsubstantiated allegations of misconduct in their entirety and did not articulate any particularized and specific justification for withholding any of the records, the respondents did not meet their burden of establishing that the privacy exemption applies (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92; Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d at 666). The respondents further failed to establish that "identifying details" in the records containing unsubstantiated allegations or complaints of misconduct "could not be redacted so as to not constitute an unwarranted invasion of personal privacy" (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d at 666).
The respondents further contend that the repeal of Civil Rights Law § 50-a is not retroactive and that all law enforcement disciplinary records created prior to June 12, 2020, are not subject to FOIL disclosure. For decades, Civil Rights Law § 50-a provided a blanket shield from public disclosure for police officer personnel records, including records relating to disciplinary proceedings arising out of allegations of misconduct (see Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556, 563-566). However, effective June 12, 2020, the New York State Legislature repealed Civil Rights Law § 50-a and amended the Public Officers Law to make specific provisions relating to the disclosure of law enforcement disciplinary records and the types of redactions to be made thereto prior to disclosure (see L 2020, ch 96; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 88). Thus, the statutory exemption under Public Officers Law § 87(2)(a) no longer applies to law enforcement personnel records. The bill repealing Civil Rights Law § 50-a also made several amendments to FOIL concerning disciplinary records of law enforcement agencies (see L 2020, ch 96, §§ 2-4). Of particular relevance here, Public Officers Law § 86 was amended by adding subdivisions (6) and (7), defining "[l]aw enforcement disciplinary records" and a "[l]aw enforcement disciplinary proceeding."
Here, as the petitioner made the subject FOIL requests after the legislative amendments were enacted, the petitioner was not seeking retroactive application of the statutory amendments to a pending FOIL request (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92-93; see also Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577). Moreover, for the reasons set forth in Matter of Newsday, LLC v Nassau County Police Dept. (222 AD3d at 92-93), we reject the respondents' contention that in amending the Public Officers Law to provide for the disclosure of records relating to law enforcement disciplinary proceedings, the Legislature intended to exclude from disclosure any law enforcement disciplinary records that were created prior to June 12, 2020 (see id.; Matter of NYP Holdings, Inc. v New York City Police Dept., 220 AD3d 487, 489, lv granted 41 NY3d 988).
The petitioner's administrative appeal was also denied on the ground that the requested records were not "reasonably described" (Public Officers Law § 89[3][a]). However, the respondents did not assert that ground for denial in their answer to the petition or as an objection in point of law.
Accordingly, the Supreme Court should have granted that branch of the petition which was to compel the production of the records sought in the petitioner's May 13, 2021 FOIL request.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court