Matter of Newsday, LLC v Suffolk County Police Dept. (2024 NY Slip Op 04772)

Matter of Newsday, LLC v Suffolk County Police Dept.

2024 NY Slip Op 04772

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-11911
 (Index No. 621982/21)

[*1]In the Matter of Newsday, LLC, respondent, 
v
Suffolk County Police Department, appellant.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for appellant.
Ballard Spahr LLP, New York, NY (David A. Schulz and Alia L. Smith of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the Suffolk County Police Department appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated November 21, 2023. The order and judgment, insofar as appealed from, granted those branches of the petition which were to compel the production of certain law enforcement disciplinary records and 911-call records, subject to any authorized redactions or exemptions.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
Between June 23, 2020, and May 2021, the petitioner filed 10 requests with the Suffolk County Police Department (hereinafter the SCPD) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), inter alia, for the production of certain law enforcement disciplinary records and records relating to allegations of police officer misconduct. The FOIL requests were denied and/or granted with redactions, in whole or in part. The SCPD's denials and redactions were based, in large part, on the ground that the requests involved records related to allegations of police officer misconduct that were classified as "unsubstantiated," "unfounded," or "exonerated." The SCPD premised its denials and redactions with respect to records related to "founded" complaints of police officer misconduct on Public Officers Law § 87(2)(b), in that disclosure of these records would constitute unwarranted invasions of personal privacy. Records were also withheld or redacted to eliminate references to, and identifying information of, nonpolice individuals. Records of 911 calls were redacted completely or withheld by the SCPD pursuant to County Law § 308(4). The SCPD's treatment of the petitioner's FOIL requests were, for the most part, upheld on administrative appeal. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to compel production of the withheld and redacted records and for an award of attorneys' fees and litigation costs. In an order and judgment dated November 21, 2023, the Supreme Court, among other things, granted those branches of the petition which were to compel the production of certain law enforcement disciplinary records and 911-call records, subject to any authorized redactions or exemptions. The SCPD appeals.
"'To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public'" (Matter of Lane v County of Nassau, 221 AD3d 1008, 1010, quoting Matter of Jewish Press, Inc. v New York City Dept. of Corr., 200 AD3d 1038, 1039; see Public Officers Law § 84). "'FOIL proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (Matter of Lane v County of Nassau, 221 AD3d at 1010, quoting Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 121 [internal quotation marks omitted]). Accordingly, "[a]ll government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930 [internal quotation marks omitted]; see Matter of Lepper v Village of Babylon, 190 AD3d 738, 741).
Public Officers Law § 87(2)(b) and (f) provide, respectively, an exemption from disclosure for records or portions of records that if disclosed, would constitute an unwarranted invasion of personal privacy or could endanger the life or safety of any person. "Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 89; see Public Officers Law § 89[4][b]; Matter of Friedman v Rice, 30 NY3d 461, 475).
Here, contrary to the SCPD's contention, the withheld records of unsubstantiated, unfounded, or exonerated allegations of misconduct were not categorically exempt from disclosure. "'[T]here is no categorical exemption from disclosure for unsubstantiated allegations or complaints of police misconduct'" (Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d 629, 630, quoting Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92; see Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530, 530). "Upon repealing Civil Rights Law § 50-a, the Legislature amended the Public Officers Law to specifically contemplate the disclosure of '[l]aw enforcement disciplinary records,' which it defines to include 'complaints, allegations, and charges against an employee'" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 91, quoting Public Officers Law § 86[6][a]). "If the Legislature had intended to exclude from disclosure complaints and allegations that were not substantiated, it would simply have stated as much" (id. [internal quotation marks omitted]; see Matter of Friedman v Rice, 30 NY3d at 478). "It did not, and instead included 'complaints, allegations, and charges' in its definition of disciplinary records, along with 'the disposition of any disciplinary proceeding,' without qualification as to the outcome of the proceeding" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 91, quoting Public Officers Law § 86[6][a], [d] [citation omitted]).
Accordingly, disclosure of the withheld records of unsubstantiated, unfounded, or exonerated allegations of misconduct was required unless those records "'[fell] squarely within the ambit of one of [the] statutory exemptions [under Public Officers Law § 87(2)]'" (id. at 90, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571; see Matter of Friedman v Rice, 30 NY3d at 481). "To meet its burden, the party seeking exemption must present specific, persuasive evidence that the material falls within the exemption" (Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d at 631 [internal quotation marks omitted]; see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90; see also Matter of Markowitz v Serio, 11 NY3d 43, 51). "'Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed'" (Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d at 631, quoting Matter of Prall v New York City Dept. of Corr., 129 AD3d 734, 736 [internal quotation marks omitted]). "If the agency fails to prove that a statutory exemption applies, FOIL 'compels disclosure, not concealment'" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90, quoting Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580). "As such, '[t]he standard of review in a CPLR article 78 proceeding challenging an agency's denial of a FOIL request is much more stringent than the lenient standard generally applicable to CPLR article 78 review of agency actions'" (Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d 789, 791, quoting Matter of Luongo v Records Access Officer, 161 AD3d 1079, 1080).
Here, the SCPD failed to demonstrate that the withheld records of unsubstantiated, unfounded, or exonerated allegations of misconduct fell squarely within the personal privacy exemption or the life and safety exemption. Accordingly, the Supreme Court properly directed the SCPD to disclose the subject records of unsubstantiated, unfounded, or exonerated allegations of misconduct, subject to any authorized redactions or exemptions.
The SCPD's contention that its law enforcement disciplinary files created prior to June 12, 2020, are not subject to FOIL disclosure because the repeal of Civil Rights Law § 50-a is not retroactive was not a ground invoked by it in denying the petitioner's FOIL requests and, therefore, is not properly before us (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92).
The SCPD's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court