Matter of New York Civ. Liberties Union v Suffolk County (2025 NY Slip Op 01933)

Matter of New York Civ. Liberties Union v Suffolk County

2025 NY Slip Op 01933

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-00939
 (Index No. 201521/22)

[*1]In the Matter of New York Civil Liberties Union, respondent, 
v
Suffolk County, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for appellants.
Kirkland & Ellis LLP, New York, NY (Aaron H. Marks, Aulden Burcher-DuPont, Yaffa A. Meeran, Hannah C. Simson, and New York Civil Liberties Union Foundation [Robert Hodgson and Lisa Laplace], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR Article 78 to compel the disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law Article 6) and for an award of attorneys' fees and litigation costs, Suffolk County and Suffolk County Police Department appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Maureen T. Liccione, J.), dated January 5, 2024. The order and judgment, insofar as appealed from, in effect, granted that branch of the petition which was to compel the production of certain law enforcement officer investigatory and disciplinary records, subject to any authorized redactions or exemptions.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On September 15, 2020, the petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), inter alia, for the production of certain law enforcement officer investigatory and disciplinary records of the Suffolk County Police Department (hereinafter the SCPD) relating to allegations of police officer misconduct. In response, the SCPD, among other things, denied so much of the FOIL request as involved investigatory and disciplinary records related to allegations of police officer misconduct classified as "[u]nsubstantiated," "[u]nfounded," or "[e]xonerated" on the ground that such records were exempt from disclosure pursuant to Public Officers Law § 87(2)(b). The SCPD also granted so much of the FOIL request as involved disciplinary records related to allegations of police officer misconduct classified as "substantiated," with redactions premised on Public Officers Law §§ 87(2)(b) and 89(2-b)(a) and (b).
After an administrative appeal, the petitioner commenced this proceeding pursuant to CPLR article 78 against the SCPD and Suffolk County (hereinafter together the appellants) to compel production of the withheld and redacted records and for an award of attorneys' fees and litigation costs. In an order and judgment dated January 5, 2024, the Supreme Court, among other things, in effect, granted that branch of the petition which was to compel production of the withheld [*2]and redacted investigatory and disciplinary records, subject to any authorized redactions or exemptions. This appeal ensued.
"'To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public'" (Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d 629, 630, quoting Matter of Lane v County of Nassau, 221 AD3d 1008, 1010; see Public Officers Law § 84). "'FOIL proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d 728, 729 [internal quotation marks omitted], quoting Matter of Lane v County of Nassau, 221 AD3d at 1010). "Accordingly, '[a]ll government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)'" (id. [internal quotation marks omitted], quoting Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930).
Contrary to the appellants' contention, the withheld records of unsubstantiated, unfounded, or exonerated allegations of police officer misconduct "were not categorically exempt from disclosure" (id.; see Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d 789, 792). "'[T]here is no categorical exemption from disclosure for unsubstantiated allegations or complaints of police officer misconduct'" (Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d at 730 [internal quotation marks omitted], quoting Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d 629, 630; see Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d at 791; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 91). Disclosure of the withheld records of unsubstantiated, unfounded, or exonerated allegations of police officer misconduct was therefore required "unless those records '[fell] squarely within the ambit of one of [the] statutory exemptions [under Public Officers Law § 87(2)]'" (Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d at 730 [internal quotation marks omitted], quoting Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90).
Here, in denying so much of the FOIL request as involved investigatory and disciplinary records related to allegations of unsubstantiated, unfounded, or exonerated allegations of police officer misconduct, the SCPD relied on the privacy exemption of Public Officers Law § 87(2)(b). The privacy exemption "authorizes an agency to deny access to records or portions of such records that 'if disclosed would constitute an unwarranted invasion of personal privacy'" (Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d at 791, quoting Public Officers Law § 87[2][b]; see Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d at 729), and "directs that 'disclosure shall not be construed to constitute an unwarranted invasion of personal privacy' when, among other possibilities, identifying details are deleted" (Matter of Gannett Co., Inc. v Town of Greenburgh Police Department, 229 AD3d at 792, quoting Public Officers Law §§ 89[2][c]). "'Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption'" (Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d at 729, quoting Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 89; see Public Officers Law § 89[4][b]). "'To meet its burden, the party seeking exemption must present specific, persuasive evidence' that the materials falls within the exemption" (Matter of Gannett Co., Inc. v Town of Greenburgh Police Department, 229 AD3d at 792, quoting Matter of Markowitz v Serio, 11 NY3d 43, 51). "'Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed'" (Matter of Newsday, LLC v Suffolk County Police Dept., 231 AD3d at 730 [internal quotation marks omitted], quoting Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d at 631).
Inasmuch as the SCPD withheld the requested records containing unsubstantiated, unfounded, or exonerated allegations of police officer misconduct in their entirety and did not articulate any particularized and specific justification for withholding any of those records, the appellants did not meet their burden of establishing that the privacy exemption applied (see id.; Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d at 792; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92). Accordingly, the Supreme Court [*3]properly directed the appellants to disclose the subject records of unsubstantiated, unfounded, or exonerated allegations of police officer misconduct, subject to any authorized redactions or exemptions.
The parties' remaining contentions are without merit.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court