Matter of Roth & Roth, LLP v Queens County Dist. Attorney's Off. (2025 NY Slip Op 03331)

Matter of Roth & Roth, LLP v Queens County Dist. Attorney's Off.

2025 NY Slip Op 03331

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2021-05613
 (Index No. 705200/19)

[*1]In the Matter of Roth & Roth, LLP, respondent,
v
Queens County District Attorney's Office, et al., appellants.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Trail, Aaron Spurlock, and Anastasia Spanakos pro se of counsel), for appellants.
Roth & Roth, LLP, New York, NY (Elliot D. Shields of counsel), respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law article 6), the appeal is from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered June 28, 2021. The order, insofar as appealed from, upon renewal and reargument, vacated a prior determination in a judgment of the same court entered October 19, 2020, denying that branch of the petition which was to compel the production of certain records, and thereupon, directed the production of those records subject to certain redaction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2019, the petitioner, Roth & Roth, LLP (hereinafter Roth), filed a petition pursuant to CPLR article 78 to compel the production of certain records that Roth requested pursuant to the Freedom of Information Law (Public Officers Law article 6; hereinafter FOIL) from the Queens County District Attorney's Office (hereinafter the DA) in January 2017. Roth requested, inter alia, "[a]ll records regarding convictions obtained by Queens County District Attorney's Office . . . that were overturned due to prosecutorial misconduct from January 1, 1992 to present," together with 15 related categories of records, generally relating to the prevention or investigation of misconduct and any disciplinary actions or decisions made in connection therewith (hereinafter the FOIL request). The DA did not respond to the FOIL request. The DA submitted an answer in this proceeding objecting to the production of most of the records sought in the FOIL request.
By judgment entered October 19, 2020 (hereinafter the October 2020 judgment), the Supreme Court denied the petition and dismissed the proceeding on the ground that the DA properly withheld disclosure of the remaining requested records. In November 2020, Roth moved, among other things, for leave to renew and reargue the denial of that branch of its petition which was to compel the disclosure of the remaining requested records based on, inter alia, the repeal of Civil Rights Law § 50-a. By order entered June 28, 2021, the court, among other things, upon renewal and reargument, vacated the October 2020 judgment and thereupon, directed the DA to produce certain records, subject to certain redaction.
"In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "[T]he exemptions are to be narrowly interpreted so that the public is granted maximum access to the records of government" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462; see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 89). An agency asserting an exemption to FOIL bears the burden of establishing that the documents qualify for that exemption and, "to meet that burden, the agency must articulate particularized and specific justification for denying disclosure" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [internal quotation marks omitted]). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (Matter of Baez v Brown, 124 AD3d 881, 883 [internal quotation marks omitted]). "'In keeping with these settled principles, blanket exemptions for particular types of documents are inimical to FOIL's policy of open government'" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90, quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 275; see Public Officers Law § 87[2]).
FOIL specifically contemplates allowing the disclosure of sensitive law enforcement materials unless it would interfere with an ongoing investigation, deprive a person of the right to a fair trial, reveal confidential information (such as the identity of an informant), or reveal non-routine investigative techniques or procedures (see Public Officers Law §§ 87[e][i]-[iv]). Similarly, to the extent that assistant district attorneys have individual privacy concerns that can be particularly and specifically described, FOIL accounts for those concerns (see Public Officers Law § 87[2][b]; 89[2][b]).
Here, the DA offered no "particularized and specific justification for denying disclosure" of any of the documents under either CPLR 3101(c) or CPL 245.65 (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74 [internal quotation marks omitted]).
As with all FOIL exemptions, the party seeking an exemption found in Public Officers Law § 87(2)(b) "'must present specific, persuasive evidence' that the material falls within the exemption" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90, quoting Matter of Markowitz v Serio, 11 NY3d 43, 51). The disclosure of disciplinary records is not categorically an unwarranted invasion of personal privacy, nor does it automatically fall within that exemption (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90).
Here, the DA failed to identify any particularized and specific justification for denying disclosure of any of the records, relying instead on categorical justifications. Likewise, the DA failed to identify any particularized and specific justification for denying disclosure of any record it contends is exempt from disclosure pursuant to Public Officers Law § 87(2)(g) (hereinafter the intra-agency exemption) (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90). Although "[o]pinions and recommendations prepared by agency personnel . . . to assist an agency decision maker in arriving at his [or her] decision" may be protected from disclosure by the intra-agency exemption (Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 132 [alteration and internal quotation marks omitted]), the records in which they are contained nonetheless must be produced in redacted form to the extent they contain information subject to disclosure pursuant to FOIL (see id. at 133). The DA neither asserted any particularized or specific objections based on the intra-agency exemption nor produced relevant records in redacted form.
Accordingly, the Supreme Court, upon renewal and reargument, properly vacated the prior determination in the October 2020 judgment, denying that branch of the petition which was to compel the production of the requested records, and thereupon, directed the production of those records, subject to certain redaction.
The DA's remaining contentions either need not be considered in light of our determination or are without merit.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court