[958 NE2d 1194, 935 NYS2d 279]

In the Matter of SCHENECTADY COUNTY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, INC., Respondent, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Appellant.

Argued September 13, 2011; decided October 25, 2011

**POINTS OF COUNSEL**

*Eric T. Schneiderman, Attorney General,* Albany (*Frank K. Walsh, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for appellant. I. The disclosure of the veterinary licensees' home addresses constitutes an unwarranted invasion of personal privacy. (*Matter of Data Tree, LLC v Romaine,* 9 NY3d 454; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106; *Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.,* 73 NY2d 92; *Matter of New York Times Co. v City of N.Y. Fire Dept.,* 4 NY3d 477; *Matter of Edwards v New York State Police,* 44 AD3d 1216; *Matter of Beyah v Goord,* 309 AD2d 1049; *Matter of Dobranski v Houper,* 154 AD2d 736; *Matter of Pasik v State Bd. of Law Examiners,* 114 Misc 2d 397; *Matter of Empire Realty Corp. v New York State Div. of Lottery,* 230 AD2d 270; *Department of Defense v FLRA,* 510 US 487.) II. This Court should remit the proceeding to Supreme Court to resolve the question of fact regarding the nature of the licensees' addresses. (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106; *Matter of Data Tree, LLC v Romaine,* 9 NY3d 454; *Matter of Siegel, Fenchel & Peddy v Central Pine Barrens Joint Planning & Policy Commn.,* 251 AD2d 670, 93 NY2d 804; *Matter of New York State Rifle & Pistol Assn., Inc. v Kelly,* 55 AD3d 222; *Matter of Battaglia v Schuler,* 60 AD2d 759; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395.)

*Tully Rinckey, PLLC*, Albany (*Mathew B. Tully, Greg T. Rinckey, Steven L. Herrick, Constantine F. DeStefano, Scott T. Dillon, Andrew L. McNamara* and *Michael W. Macomber* of counsel), for respondent. I. The present appeal is not purely a question of law and as such, is not within the scope of review of the New York State Court of Appeals under CPLR 5601 (a). (*Simon v Electrospace Corp.*, 28 NY2d 136; *Matter of Kelly*, 285 NY 139; *Suria v Shiffman*, 67 NY2d 87; *Matter of Wilson v McGlinchey*, 2 NY3d 375; *Matter of Jaclyn P.*, 86 NY2d 875; *Matter of Hime Y.*, 54 NY2d 282; *Cohen v Hallmark Cards*, 45 NY2d 493; *Heary Bros. Lightning Protection Co., Inc. v Intertek Testing Servs., N.A., Inc.*, 4 NY3d 615; *Matter of Peter G.*, 6 AD3d 201, 3 NY3d 655; *Matter of Daniel H.*, 15 NY3d 883.) II. Disclosure of the veterinarian and veterinary technicians licensees' registered street addresses does not constitute an unwarranted invasion of personal privacy as the agency did not meet its burden of proof to show that the requested information falls within an exemption to the Freedom of Information Law. (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of Carnevale v City of Albany*, 68 AD3d 1290; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Edwards v New York State Police*, 44 AD3d 1216; *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106; *Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92.) III. The Appellate Division was correct in holding the agency did not meet its burden of proof and ordering the disclosure of the addresses requested by the Schenectady County Society for the Prevention of Cruelty to Animals, Inc. (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106.) IV. Disclosure of the requested addresses, even if residential in nature, would comport with the precedent in this state set by state laws and the Appellate Division. (*Matter of Carnevale v City of Albany*, 68 AD3d 1290; *Matter of Buffalo News v Buffalo Mun. Hous. Auth.*, 163 AD2d 830; *Cornell Univ. v City of N.Y. Police Dept.*, 153 AD2d 515, 75 NY2d 707; *Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.*, 71 AD2d 250.)

**OPINION OF THE COURT**

SMITH, J.

We hold that an agency responding to a demand under the Freedom of Information Law (FOIL) may not withhold a record solely because some of the information in that record may be exempt from disclosure. Where it can do so without unreasonable difficulty, the agency must redact the record to take out the exempt information.

Petitioner sent an e-mail to the Education Department, asking for the names and addresses of veterinarians and veterinary technicians licensed by the Department in Schenectady County. The Department replied that it would provide a list of names, and the city and state portions of the addresses, but would not provide street addresses because "[i]t is not public information for us to provide home addresses for a licensed professional and thats [*sic*] what we have on file." Petitioner responded: "What about business address?," and the Department replied: "No[t] everyone has provided us with a business address."

Petitioner then formally requested the list of names and addresses under FOIL. The Department again offered to provide names and cities, but repeated its refusal to provide street addresses, explaining: "As our computerized files are currently configured, we are unable to distinguish a licensee's business address from a residential address." After an unsuccessful administrative appeal, petitioner began this proceeding to require that the list be produced. Petitioner specifically sought only "a photocopy of the requested list with names of licensed professionals and their business addresses."

Supreme Court dismissed the petition. The Appellate Division reversed, with two Justices dissenting, and granted the petition (*Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 74 AD3d 1417 [3d Dept 2010]). The Department appeals as of right, pursuant to CPLR 5601 (a), and we affirm.

The Department argues that disclosure of licensees' home addresses "would constitute an unwarranted invasion of personal privacy" and so is not required by FOIL (Public Officers Law § 87 [2] [b]; § 89 [2], [2-a]). But we do not need to address this claim, because petitioner is not seeking home addresses, only business addresses, and the Department makes no claim that the business addresses are private.

It seems obvious to us that, if the Department does not want to supply home addresses, it should simply delete them from

the list. It says that its computer database does not distinguish between home and business addresses, but it does not claim that it would be hard to find out, by communicating with the licensees, which addresses are homes and which are businesses. This should not be a burdensome task, because the number of licensed veterinarians and veterinary technicians in Schenectady County is unlikely to be very large; it was represented at oral argument that the number is 72.

It is true that FOIL generally does not require an agency to create a new record (Public Officers Law § 89 [3] [a] ["Nothing in this article shall be construed to require any entity to prepare any record not possessed or maintained by such entity" with specified exceptions]). But there is a difference between creating a new record and redacting an existing one. Courts deciding FOIL issues often order redaction when a record contains both exempt and nonexempt information (*e.g. Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 464 [2007] [noting that "even when a document subject to FOIL contains . . . private, protected information, agencies may be required to prepare a redacted version with the exempt material removed" (citing Public Officers Law § 89 [2] [c] [i])]; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 482-483 [2005]; *Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse*, 65 NY2d 294 [1985]). In responding to petitioner's FOIL request, the Department had the choice of producing the existing record in full or removing the information that it did not want to produce and that petitioner did not demand. It cannot refuse to produce the whole record simply because some of it may be exempt from disclosure.

We are at a loss to understand why this case has been litigated. It seems that an agency sensitive to its FOIL obligations could have furnished petitioner a redacted list with a few hours' effort, and at negligible cost. Instead, lawyers for both sides have submitted briefs and argued the case in three courts, demanding the attention of 13 judges, generating four judicial opinions and resulting in a delay in disclosure of almost four years. It is our hope that the Department, and other agencies of government, will generally comply with their FOIL obligations in a more efficient way.

Accordingly, the order of the Appellate Division should be affirmed with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, with costs.