■ In the Matter of EMPIRE CENTER FOR NEW YORK STATE POLICY, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [961 NYS2d 329]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered May 30, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's Freedom of Information Law requests.

Petitioner, a nonprofit corporation, operates a website aimed at educating and informing the general public about government spending. In 2012, petitioner filed a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request seeking an updated database containing information pertaining to respondent's retired members. Such request sought the same information that respondent had provided to petitioner in previous years pursuant to FOIL requests, including the name of each retiree. Respondent furnished most of the requested information, but refused to disclose the names of the retirees to whom the information corresponded, stating that such information is exempt from disclosure under Public Offi-

cers Law § 89 (7). After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking, among other things, an order directing respondent to provide the names of its retirees. Supreme Court dismissed the petition, prompting this appeal.

Public Officers Law § 89 (7) provides that "[n]othing in this article shall require the disclosure of the home address of an officer or employee, former officer or employee, or of a retiree of a public employees' retirement system; nor shall anything in this article require the disclosure of the name or home address of a beneficiary of a public employees' retirement system or of an applicant for appointment to public employment." Petitioner asserts that the plain language of Public Officers Law § 89 (7) exempts from disclosure only the home address, not the name, of a retiree. Noting that the statute makes a clear distinction between retirees and beneficiaries, petitioner argues that to read the term "beneficiary" to include a "retiree" would both deprive the word "retiree" of its own meaning and render the first clause of the provision superfluous.

Well-settled principles of statutory construction lend support to the interpretation advanced by petitioner (*see generally Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 120 [2012]; *Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007]; *Matter of SIN, Inc. v Department of Fin. of City of N.Y.*, 71 NY2d 616, 621 [1988]). Yet we are bound by the Court of Appeals' decision in *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund* (61 NY2d 659 [1983]), wherein the Court interpreted Public Officers Law § 89 (7) as exempting from disclosure both the names and home addresses of retirees of a public employees' retirement system. Petitioner attempts to distinguish *Matter of New York Veteran Police Assn.* by arguing that the FOIL request there was for *both* the names and the addresses of the retirees, whereas the request here was for the names only. However, if only the addresses of the retirees were exempt from disclosure, the Court could have directed the agency to disclose the names, but not the addresses (*see Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 18 NY3d 42, 46 [2011] [stating that where a FOIL request seeks both exempt and nonexempt information, the proper remedy is redaction of the exempt information, not outright denial of all requested information]; *see e.g. Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 464 [2007]). Instead, the Court of Appeals held that Public Officers Law § 89 (7) foreclosed any relief to the petitioner therein.

Thus, we find that respondent properly denied petitioner's FOIL request for the names of its retired members. We note that the First Department, relying on *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund* (*supra*), reached this same conclusion in addressing a similar FOIL request by petitioner for the names of the retirees of the New York City Police Pension Fund (*see Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund*, 88 AD3d 520, 521 [2011], *lv dismissed* 18 NY3d 901 [2012]).

Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.