Matter of New York Civ. Liberties Union v City of Rochester (2025 NY Slip Op 01010)

Matter of New York Civ. Liberties Union v City of Rochester

2025 NY Slip Op 01010 [43 NY3d 543]

February 20, 2025

Cannataro, J.

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 3, 2025

[*1]

In the Matter of New York Civil Liberties Union, Respondent,
v
City of Rochester et al., Appellants.

Argued January 9, 2025; decided February 20, 2025

PROCEDURAL SUMMARY

Appeal, by permission of the Court of Appeals, from an order of the Appellate Division of the Supreme Court in the Fourth Judicial Department, entered November 10, 2022. The Appellate Division modified, on the law, so much of a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.; op 2021 NY Slip Op 34252[U]), entered in a proceeding pursuant to CPLR article 78, as had denied those parts of the petition as sought disclosure of law enforcement disciplinary records containing unsubstantiated claims or complaints, subject to redaction pursuant to particularized and specific justification under Public Officers Law § 87 (2). The modification consisted of granting those parts of the petition. The Appellate Division affirmed the judgment as modified.

Matter of New York Civ. Liberties Union v City of Rochester, 210 AD3d 1400, affirmed.

HEADNOTE

Records
 - Freedom of Information Law
 - Personal Privacy Exemption
 - Law Enforcement Disciplinary Records

The Freedom of Information Law's (FOIL) personal privacy exemption, which permits an agency to withhold from public access any record that "if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]), does not provide a basis for agencies to categorically withhold all disciplinary records relating to complaints against law enforcement officers that were not deemed substantiated. The purpose of the 2020 amendments to FOIL was to bring greater transparency to the law enforcement disciplinary process, including how complaints of officer misconduct are handled. To effectuate that objective, the legislature added to FOIL a definition of "[l]aw enforcement disciplinary records" that expressly encompasses "complaints" levied against officers "in furtherance of a law enforcement disciplinary proceeding" (Public Officers Law § 86 [6] [a]). The definition imposes no limitation based on the outcome or disposition of such proceeding. Rather than withhold all such records, Public Officers Law § 87 (2) requires an agency to evaluate each record individually and determine whether "a particularized and specific justification" exists for denying access on the ground that disclosing all or part of the record would constitute an unwarranted invasion of privacy (Public Officers Law § 87 [2] [b]). Where redactions would prevent such an invasion and can be made without unreasonable difficulty, the agency must disclose the record with those necessary redactions.

POINTS OF COUNSEL

Patrick Beath, Corporation Counsel, Rochester (John M. Campolieto of counsel), for appellants. I. Release of records of unfounded, exonerated and unsubstantiated misconduct complaints or investigations cause an unwarranted invasion of personal privacy. (Matter of LaRocca v Board of Educ. of Jericho Union Free School Dist., 220 AD2d 424; Gannett Co., Inc. v Herkimer Police Dept., 76 Misc 3d 557.) II. Redaction is an inadequate means to protect against an unwarranted invasion of personal privacy. (D'Amico v Correctional Med. Care, Inc., 120 AD3d 956.)
New York Civil Liberties Union Foundation, New York City (Robert Hodgson and Lisa Laplace of counsel), and Shearman & Sterling LLP, New York City (Joshua T. Ebersole and Sheyla D. Soriano of counsel), for respondent. I. The Freedom of Information Law creates a presumption of maximum access. (Matter of Gould v New York City Police Dept., 89 NY2d 267; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562; Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575; Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 18 NY3d 42.) II. The New York Legislature repealed Civil Rights Law § 50-a and amended the Freedom of Information Law to make police misconduct complaint records public regardless of disposition. (Riley v County of Broome, 95 NY2d 455; Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594; Matter of Suarez v Williams, 26 NY3d 440; Matter of Industrial Commr. of State of N.Y. v Five Corners Tavern, 47 NY2d 639; People ex rel. Fleming v Dalton, 158 NY 175.) III. The unwarranted-invasion-of-privacy exemption does not justify the City of Rochester's and Rochester Police Department's blanket denial and requires narrow targeted redactions. (People v Lawrence, 64 NY2d 200; Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495; Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373; Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488; Gannett Co., Inc. v Herkimer Police Dept., 76 Misc 3d 557.)
Association of the Bar of the City of New York, New York City (Evan Henley, Isabelle Canaan, Mara Fleder and Krystan Hitchcock of counsel), for Association of the Bar of the City of New York, amicus curiae. I. The Freedom of Information Law is founded on the public's right to know. (Branzburg v Hayes, 408 US 665; Pell v Procunier, 417 US 817; Saxbe v Washington Post Co., 417 US 843; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562; Matter of Gould v New York City Police Dept., 89 NY2d 267.) II. The right to know has a special character with respect to law enforcement agencies. III. A blanket exemption for "unsubstantiated" complaints is contrary to the Freedom of Information Law's broad disclosure policy. (Buffalo Police Benevolent Assn., Inc. v Brown, 69 Misc 3d 998.) IV. The legislative history of the repeal of Civil Rights Law § 50-a and the legislative history and text of the 2020 Freedom of Information Law amendments foreclose the argument that a law enforcement agency may withhold "unsubstantiated" complaints on a wholesale basis. (Carpenter v City of Plattsburgh, 105 AD2d 295; Matter of New York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556; Matter of Friedman v Rice, 30 NY3d 461; Colon v Martin, 35 NY3d 75.) V. A robust conception of the Freedom of Information Law promotes and safeguards First Amendment activity.
Davis Wright Tremaine LLP, New York City (Jeremy Chase of counsel), and Reporters Committee for Freedom of the Press, Washington, D.C. (Bruce Brown, Katie Townsend, Mara Gassmann and Daniela del Rosario Wertheimer of counsel), for Reporters Committee for Freedom of the Press and others, amici curiae. I. The New York Legislature repealed Civil Rights Law § 50-a to create a presumption of openness, thereby enabling press and public access to all police officer complaint records and increasing law enforcement transparency. (New York Lawyers for the Pub. Interest v New York City Police Dept., 64 Misc 3d 671; Matter of Fink v Lefkowitz, 47 NY2d 567; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85.) II. New York law expressly entitles the public to the complaint records at issue, and their disclosure would not constitute an "unwarranted invasion of privacy." (Matter of Journal Publ. Co. v Office of Special Prosecutor, 131 Misc 2d 417; Matter of New York 1 News v Office of President of Borough of Staten Is., 231 AD2d 524; Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530; Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401; Matter of New York Civ. Liberties Union v City of Rochester, 210 AD3d 1400.) III. Access to complaints of police misconduct enables the press to report on law enforcement and provide the public and lawmakers with accurate information to shape reform. (Sheppard v Maxwell, 384 US 333.)
NAACP Legal Defense & Educational Fund, Inc., New York City (David Moss and Kimberly Saltz of counsel) and Washington, D.C. (Jin Hee Lee of counsel), for NAACP Legal Defense & Educational Fund, Inc., amicus curiae. I. The City of Rochester's and Rochester Police Department's interpretation of New York's Freedom of Information Law is flawed and without merit. (Matter of Gould v New York City Police Dept., 89 NY2d 267; Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85; Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530; Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401.) II. The legislative intent of repealing Civil Rights Law § 50-a favors the disclosure of "unsubstantiated" records. (Matter of NYP Holdings, Inc. v New York City Police Dept., 220 AD3d 487.) III. Public disclosure of "unsubstantiated" disciplinary records serves the public interest. (Garrison v Louisiana, 379 US 64; United States v Robinson, 414 US 218.)

{**43 NY3d at 547} OPINION OF THE COURT

Cannataro, J.

Until 2020, disciplinary records of law enforcement officers were categorically exempted from the public disclosure requirements of the Freedom of Information Law (FOIL) by statute (see former Civil Rights Law § 50-a; Public Officers Law § 87 [2] [a]). In June of that year, in the wake of the national outcry over the killing of George Floyd in Minnesota, and rising public concern that law enforcement agencies were not appropriately handling allegations of officer misconduct, the legislature repealed Civil Rights Law § 50-a and amended FOIL to specifically address the disclosure of law enforcement disciplinary records (see L 2020, ch 96, amdg Public Officers Law §§ 86, 87, 89). The question on this appeal is whether FOIL's personal privacy exemption, which was left intact by the 2020 amendments, provides a basis for agencies to categorically withhold all disciplinary records relating to complaints against law enforcement officers that were not deemed substantiated.[FN1] The answer is no.
[*2]Shortly after the 2020 amendments went into effect, petitioner New York Civil Liberties Union submitted a series of FOIL requests to respondents, the City of Rochester and the Rochester Police Department. The requested documents included records of all civilian complaints against Rochester police officers dating back to January 2000, irrespective of whether those complaints were ultimately deemed substantiated or resulted in disciplinary action against the officers.[FN2] When respondents did not promptly produce the requested documents, petitioner commenced this CPLR article 78 proceeding to compel disclosure. Supreme Court ordered production of many of the records but determined that respondents were entitled to withhold all records relating to complaints that were not deemed substantiated, pursuant to{**43 NY3d at 548} the personal privacy exemption contained in Public Officers Law § 87 (2) (b) (see 2021 NY Slip Op 34252[U] [Sup Ct, Monroe County 2021]). Petitioner appealed and the Appellate Division modified, holding that the personal privacy exemption did not authorize respondents to categorically withhold all such records. The Appellate Division instead directed respondents to review the requested records and determine whether there is a particularized and specific justification to redact or withhold each record on personal privacy grounds (see 210 AD3d 1400 [4th Dept 2022]). This Court granted respondents' motion for leave to appeal (39 NY3d 915 [2023]), and we now affirm.
"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 224 [2018]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 274 [1996]; see Public Officers Law § 84). The statute is based on the principle that "the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government" (Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]). Under FOIL, "[a]ll records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that 'the material requested falls squarely within the ambit of one of [the] statutory exemptions,' " which must be "narrowly interpreted" (Matter of Abdur-Rashid, 31 NY3d at 225, quoting Matter of Fink, 47 NY2d at 571; see Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision, 40 NY3d 547, 551 [2023]).
FOIL's personal privacy exemption permits an agency to withhold from public access any record that "if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]). We agree with respondents that FOIL, as amended in conjunction with the repeal of Civil Rights Law § 50-a, does not deny law enforcement officers the benefit of this exemption. However, the Appellate Division correctly concluded—consistent with uniform appellate precedent—that there is no categorical or blanket personal privacy exemption for records relating to complaints against law enforcement officers that are not deemed substantiated (210 AD3d at 1401; accord Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530, 530-531 [1st Dept 2023], lv denied 40 NY3d 909 [2024];{**43 NY3d at 549} Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 90-92 [2d Dept 2023]; Matter of New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401, 1403-1405 [4th Dept 2022]; see also Matter of Thomas v New York City Dept. of Educ., 103 AD3d 495, 498 [1st Dept 2013]).
As the scope of Public Officers Law § 87 (2) (b) is a question of statutory interpretation, " '[o]ur primary consideration is to ascertain and give effect to the intention of the [l]egislature' " (see CIT Bank N.A. v Schiffman, 36 NY3d 550, 559 [2021], quoting Samiento v World Yacht Inc., 10 NY3d 70, 77-78 [2008]). "Because the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, with due consideration given to the statutory purpose and history, including the objectives the legislature sought to achieve through its enactment" (id. [internal quotation marks and citation omitted]). Courts interpreting the scope of a FOIL exemption should also keep in mind that "blanket exemptions for particular types of documents are inimical to FOIL's policy of open government" (Matter of Gould, 89 NY2d at 275).
It is evident from the text and history of the 2020 amendments that their purpose was to bring greater transparency to the law enforcement disciplinary process, including how complaints of officer misconduct are handled. To effectuate that objective, the legislature added to FOIL a definition of "[l]aw enforcement disciplinary [*3]records" that expressly encompasses "complaints" levied against officers "in furtherance of a law enforcement disciplinary proceeding" (see Public Officers Law § 86 [6] [a]). The definition imposes no limitation based on the outcome or disposition of such proceeding.[FN3] Another contemporaneous amendment requires agencies disclosing law enforcement disciplinary records to redact specific categories of sensitive personal information about officers and their families, including medical histories, home addresses, and cell phone{**43 NY3d at 550} numbers, but again makes no mention of allegations or complaints that are not deemed substantiated (see id. § 89 [2-b]). The legislature similarly declined to add such complaints to the nonexclusive list of examples in Public Officers Law § 89 (2) (b) of disclosures that may constitute "[a]n unwarranted invasion of personal privacy." And, as was the case before the 2020 amendments, Public Officers Law § 87 (2) continues to provide that "[a] denial of access shall not be based solely on the category or type of such record." Collectively, these provisions controvert respondents' argument that the legislature intended to broadly exempt from disclosure all records relating to complaints that are not deemed substantiated (see Matter of Newsday, LLC, 222 AD3d at 91).
Rather than withhold all such records, Public Officers Law § 87 (2) requires an agency to evaluate each record individually and determine whether "a particularized and specific justification" exists for denying access on the ground that disclosing all or part of the record would constitute an unwarranted invasion of privacy (see Public Officers Law § 87 [2] [b]; Matter of Gould, 89 NY2d at 275). Where redactions would prevent such an invasion and can be made without unreasonable difficulty, the agency must disclose the record with those necessary redactions (see Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 18 NY3d 42, 45 [2011]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]). The Appellate Division properly directed respondents to undertake this process, subject to further judicial review (see 210 AD3d at 1401).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wilson and Judges Rivera, Garcia, Singas, Troutman and Singh[FN*] concur. Judge Halligan took no part.
Order affirmed, with costs.

Footnotes

Footnote 1: FOIL does not define or use the term "substantiated." For purposes of this appeal, we deem "substantiated" to mean supported by "sufficient credible evidence to believe that the subject officer committed the alleged act without legal justification" (see New York City Civilian Complaint Review Board, Case Outcomes, https://www.nyc.gov/site/ccrb/investigations/case-outcomes.page [last accessed Feb. 10, 2025]; see also People v Randolph, 69 Misc 3d 770, 772 [Sup Ct, Suffolk County 2020] ["a case is 'substantiated' where it is determined that the facts clearly support the allegation"]).

Footnote 2: Petitioner explained that its requests were motivated by concerns regarding the death of Daniel Prude, a Black man who reportedly died of asphyxiation after being restrained by Rochester police officers.

Footnote 3:The term "[l]aw enforcement disciplinary proceeding" is defined as "the commencement of any investigation and any subsequent hearing or disciplinary action conducted by a law enforcement agency" (Public Officers Law § 86 [7]). Contrary to respondents' contention, the phrase "and any subsequent hearing or disciplinary action" does not require that the disciplinary process have reached the hearing or disposition stage before a complaint will qualify as a law enforcement disciplinary record. By the statute's plain meaning, a complaint qualifies under that definition as long as it was created "in furtherance of" the disciplinary process (see id. § 86 [6]; Black's Law Dictionary [12th ed 2024], furtherance ["The act or process of facilitating the progress of something or of making it more likely to occur; promotion or advancement"]).

Footnote *: Designated pursuant to NY Constitution, article VI, § 2.