Matter of New York Civ. Liberties Union v New York State Police
2026 NY Slip Op 04021
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of New York Civil Liberties Union, Respondent,
v
New York State Police, Appellant.

Decided and Entered:June 25, 2026
CV-25-1473
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for appellant.
Latham & Watkins LLP, New York City (Peter Trombly of counsel), for respondent.

[*1]
McShan, J.
Appeal from a judgment of the Supreme Court (Julian Schreibman, J.), entered July 23, 2025 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's Freedom of Information Law request.
Since the Legislature repealed Civil Rights Law § 50-a in 2020 (L 2020, ch 96, § 1), petitioner has sought the production of certain law enforcement personnel records from respondent (see Matter of New York Civil Liberties Union v New York State Police, 228 AD3d 1162, 1162-1163 [3d Dept 2024], lv denied 43 NY3d 904 [2025]). Petitioner previously commenced a proceeding pursuant to CPLR article 78 after respondent partially denied its September 2020 FOIL request, asserting that it would require "herculean efforts" to produce 20 years of disciplinary records in the requested form (id. at 1162-1163). We rejected respondent's argument and ordered it to produce the requested records on a rolling basis (id. at 1167-1169). Accordingly, respondent has been publishing the requested disciplinary reports on a rolling basis in compliance with this Court's prior order (see New York State Police, Professional Standards Bureau Personnel Investigation Records and Disciplinary Records Related to Administrative Investigations, https://publicapps.troopers.ny.gov/InvestigationRecords/ [last accessed April 27, 2026]).
The latest chapter of litigation between the parties concerns the production of a spreadsheet generated by respondent in response to petitioner's 2020 FOIL request. The spreadsheet contains information about allegations of misconduct against law enforcement personnel cataloged by calendar year for a period of more than 20 years and further organized by case number. Each case entry describes: the nature of the claim; whether the claim was founded, unfounded, unsubstantiated or closed by investigation; details of any penalty imposed on the officer; and the first and last names of officers for cases where the claims were founded (see Matter of New York Civil Liberties Union v New York State Police, 228 AD3d at 1162). For claims that were unfounded, unsubstantiated or closed by investigation, respondent redacted the relevant names of the officers. In April 2023, petitioner submitted a FOIL request for an unredacted copy of the spreadsheet and respondent indicated that it would respond by October 2023. Petitioner administratively appealed, challenging the time frame provided by respondent and argued that this response was a constructive denial. While that appeal was pending, respondent issued a denial of the FOIL request in May 2023 on the basis that disclosing names of officers who were accused of misconduct that was ultimately deemed unfounded, unsubstantiated or closed following investigation, created an unwarranted invasion of those officers' personal privacy. Petitioner again appealed, and respondent maintained its position on the personal privacy exemption.
Petitioner [*2]then commenced the instant proceeding pursuant to CPLR article 78, contending that respondent had improperly asserted a categorical privacy exemption to justify its redactions. Supreme Court agreed and granted the petition, finding that respondent's use of the personal privacy exemption was improper and applied in a blanket fashion in contravention of recent Court of Appeals precedent and the legislative goals underpinning the repeal of Civil Rights Law § 50-a. Accordingly, Supreme Court ordered that respondent produce the unredacted spreadsheet within 90 days and, considering that result, granted petitioner counsel fees. This appeal by respondent ensued.
"It is well settled that, under FOIL, agency records are presumptively available for public inspection" unless statutorily exempt from disclosure, such as when disclosure would constitute an unwarranted invasion of personal privacy (Matter of Puig v New York State Police, 212 AD3d 1025, 1026 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Public Officers Law § 87 [2] [b]; Matter of Broach & Stulberg, LLP v New York State Dept. of Labor, 195 AD3d 1133, 1134 [3d Dept 2021], lv denied 37 NY3d 914 [2021]). Although "the repeal of Civil Rights Law § 50-a . . . does not deny law enforcement officers the benefit of this exemption[,] . . . there is no categorical or blanket personal privacy exemption for records relating to complaints against law enforcement officers that are not deemed substantiated" (Matter of New York Civ. Liberties Union v City of Rochester, 43 NY3d 543, 548 [2025]; see Matter of Munson v New York State Div. of Criminal Justice Servs., 228 AD3d 1119, 1120 [3d Dept 2024]).
On appeal, respondent abandons its position that all law enforcement personnel names in the spreadsheet, for which the associated claims were deemed unfounded, unsubstantiated or otherwise closed by investigation, are categorically exempt (see Matter of Reclaim the Records v New York State Dept. of Health, 45 NY3d 1, 23 [2025]; Matter of New York Civ. Liberties Union v City of Rochester, 43 NY3d at 543). Rather, respondent now contends that it should be provided the opportunity to justify redactions to individual names on a fact-specific basis. Although this position differs from the stance taken in response to petitioner's FOIL request, we note that the affidavit of respondent's assistant counsel Shannon M. Brundige submitted in support of respondent's answer to the petition explained that respondent has an obligation to review each individual case to protect the privacy of its members and that individualized redactions may be warranted because case numbers from the spreadsheet could be cross-referenced with underlying reports, containing personal and embarrassing information, that have already been released.FN1 On these circumstances, we find that the relief sought on appeal is adequately preserved for our consideration (see Matter of Russell v Town of Mt. Pleasant, ___ NY3d ___, ___, [*3]2026 NY Slip Op 00966, *2 n 2 [2026]; Matter of Moody's Corp. & Subsidiaries v New York State Dept. of Taxation & Fin., 141 AD3d 997, 999-1000 [3d Dept 2016]).
It is no small point that respondent could have availed itself of the relief it now seeks on appeal had it denied petitioner's most recent FOIL request pending review of each of the redacted entries to determine whether the exemption applied rather than asserting a blanket use of the exemption. Nevertheless, we do not believe that it is appropriate to permit disclosure of the unredacted spreadsheet as a result of respondent's improper use of the exemption. On that, although an evaluation of the particular justification for redacting the names of officers cannot be made on the record before us, there is sufficient indicia that, in certain cases, the officers' privacy interest could outweigh the public's interest in disclosure (see Matter of Spence v New York State Dept. of Civ. Serv., 223 AD3d 1019, 1020 [3d Dept 2024]; Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d 129, 135 [3d Dept 2021], lv denied 37 NY3d 907 [2021]). Considering respondent's ongoing disclosures efforts, we find that "[w]here redactions would prevent such an invasion and can be made without unreasonable difficulty," the more appropriate resolution is to allow respondent time "to evaluate each record individually and determine whether a particularized and specific justification exists for denying access on the ground that disclosing all or part of the record would constitute an unwarranted invasion of privacy" (Matter of New York Civ. Liberties Union v City of Rochester, 43 NY3d at 550 [internal quotation marks and citation omitted]). Accordingly, we remit to Supreme Court with the directive that respondent review the names on the spreadsheet in conjunction with the relevant disciplinary record and identify "any redactions or exemptions pursuant to a particularized and specific justification for exempting each record or portion thereof . . . in a manner that allows for review by a court" (New York Civ. Liberties Union v City of Syracuse, 210 AD3d 1401, 1407 [4th Dept 2022]; see Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d 1413, 1416-1417 [3d Dept 2024]; New York Civ. Liberties Union v City of Rochester, 210 AD3d 1400, 1401 [4th Dept 2022], affd 43 NY3d 543 [2025] cf. Matter of Munson v New York State Div. of Criminal Justice Servs., 228 AD3d at 1121-1122; Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530, 530 [1st Dept 2023], lv denied 60 NY3d 909 [2024]).
However, as to the timing of such disclosure, we decline respondent's request to permit compliance on an indefinite timeline. Respondent posits that its "rolling" disclosure would be a slow one due to the large volume of FOIL requests it receives not only from petitioner but from other organizations and individuals throughout the state. On that, respondent suggested at oral argument that its review of the relevant [*4]disciplinary records and any ensuing disclosure could take "years." Unlike in the prior appeal, however, the instant FOIL request encompasses a limited and known universe of information — the redacted spreadsheet and the accompanying disciplinary records for matters that were deemed unfounded, unsubstantiated or closed by investigation. Although the relevant corresponding disciplinary files vary in size, we find no basis in this record to conclude that an indefinite disclosure time frame is appropriate, particularly when considering that prior representations by respondent in the course of this litigation indicated its efforts to meaningfully expand the amount of resources dedicated to the increase in FOIL requests it now faces (see generally New York Civ. Liberties Union v New York State Police, 228 AD3d at 1168). Accordingly, without the benefit of detailed information from the parties, we find it more prudent to remit the matter to Supreme Court to determine a reasonable and definitive timeline for disclosure (see Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d 1406, 1412 [3d Dept 2024]).
On the issue of counsel fees, "[p]ursuant to FOIL, a court must assess, against an agency, reasonable counsel fees and litigation costs incurred by a person who has been denied access to records, when 'such person has substantially prevailed[,] and the court finds that the agency had no reasonable basis for denying access' " (Matter of Standardbred Owners Assn., Inc. v New York State Gaming Commn., 237 AD3d 1354, 1356 [3d Dept 2025], quoting Public Officers Law § 89 [4] [c] [ii]). The parties do not dispute that petitioner has substantially prevailed and instead respondent asserts that it maintained a reasonable basis for denying petitioner's FOIL request and leaving the redactions undisturbed. We disagree.
Prior to responding to the instant FOIL request, respondent had the benefit of guidance from Supreme Court's April 2023 decision (see New York Civ. Liberties Union v New York State Police, 2023 NY Slip Op 32079[U], *12-13 [Sup Ct, Albany County 2023], affd 228 AD3d 1162 [3d Dept 2024]), which noted, citing existing appellate authority, that the assertion of the privacy exemption for unsubstantiated complaints as a categorical exemption was strictly prohibited (see e.g. New York Civ. Liberties Union v City of Syracuse, 210 AD3d at 1403; New York Civ. Liberties Union v City of Rochester, 210 AD3d at 1401). Despite the court's cautionary language, respondent maintained the position that it could withhold the entirety of names contained in the spreadsheet at issue, which respondent now effectively concedes was improper. Doing so was unreasonable and, on that basis, we find that Supreme Court properly granted petitioner's request for counsel fees (see Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1211-1212 [3d Dept 2021], lv denied 37 NY3d 917 [2022]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197[*5][3d Dept 2011]; compare Matter of Puig v New York State Police, 233 AD3d 1121, 1122-1123 [3d Dept 2024]).
Clark, J.P., Aarons, Pritzker and Ryba, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application with respect to the redactions referenced herein and ordered respondent to disclose an unredacted spreadsheet within 90 days; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1
Although Supreme Court noted that the issue before it was merely the disclosure of member names on the spreadsheet, unwarranted invasions into personal privacy also "includes circumstances 'where the requested records, when combined with other readily available information, could identify or lead to the identification of information protected under a FOIL exemption' " (Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision, 224 AD3d 974, 975-976 [3d Dept 2024], quoting Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d 129, 136 [3d Dept 2021], lv denied 37 NY3d 907 [2021]). That concern is relevant here because, as respondent explained, if the currently redacted officer names were to be disclosed, the case numbers on the spreadsheet could be cross-referenced with those on the underlying disciplinary reports to reveal the identity of the officer subject of that report.